TEEGARDIN, Plaintiff, v. FOLEY et, Defendants.

Common Pleas Court, Franklin County.

No. 187616.   Decided September 29, 1954.

Hamilton & Kramer, Columbus, for plaintiff.

Hon. C. William O'Neill, Atty. Genl., Hugh A. Sherer, Asst. Atty. Genl., Columbus, for defendants.

James M. Hengst, Paul R. Gingher, David Clayman, Shocknessy, Summers & Denton, Power, Griffith & Jones, Columbus, Spieth, Spring & Bell, Clarke and Costello, Howard M. Metzenbaum, Cleveland, for Amici Curiae.

## OPINION

By BARTLETT, J.

DEMURRER TO PLAINTIFF'S REPLY, AS INSUFFICIENT IN LAW OVERRULED.

Upon demurrer to a pleading,

"In thus passing upon the sufficiency of the facts alleged, the court is required to follow the code rule requiring pleadings to be construed favorably to the pleader, and to give to the language of the petition (or other pleading such as the answer or reply) a liberal construction * * * to sustain his pleading; * * * the court must make the most out of a pleading, and not the least." **31 O. Jur. Pleading, Sec. 142, p. 700.**

"The conviction entertained, conclusion reached, or judgment formed by the pleader upon his own conception of his cause can be afforded no effect or weight whatever upon demurrer." Ibid.

"It is a universal rule, so well known as hardly to require citation of authority, that for the purpose of testing the sufficiency in law of the facts pleaded,—for its own purpose,—a demurrer confesses the truth of the proper and well pleaded averments of the pleading attacked, and whatever can, by fair and reasonable intendment be implied from those allegations, so far as is necessary to enable the court to determine the sufficiency of the pleading objected to, and no farther." Ibid, Sec. 103, p. 661.

The common law rule that pleadings be construed most· strongly

against the pleader—is completely abrogated in Ohio, by the code provision "that the allegations of a pleading shall be liberally construed, with a view to substantial justice between the parties;" (now §2309.40 R. C.) Ibid, Sec. 49, p. 58.

In view of the code requirement, and the fact that two judges of this court have reached opposite conclusions as to the constitutionality of the statutory law involved in the instant case, this branch feels constrained to overrule the demurrer to the reply herein, which is accordingly done, with the conviction that the issues involved should be heard on their merits in the trial court.

Entry accordingly, saving proper exceptions thereto.